**EXHIBIT 5**

7/13/2017 10:23 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-003201
victoria benavides

CAUSE NO. D-1-GN-17-003201

| | | |
|---|---|---|
| NASICHE ROSE,<br>*PLAINTIFF*, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | 98TH _____ JUDICIAL DISTRICT |
| JASON STEPHENSON AND BRINKS INCORPORATED,<br>*DEFENDANTS* | §<br>§<br>§<br>§ | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES NASICHE ROSE**, hereinafter referred to by as Plaintiff, and complains of **JASON STEPHENSON** and **BRINKS INCORPORATED** hereinafter referred to as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.00   Plaintiff desires that discovery be conducted under Discovery Level 3 pursuant to Tex. R. Civ. P. 190.4. Plaintiff will attempt to enter into an agreed discovery control plan with Defendants. However, failing an agreement on the issues, Plaintiff requests that the Court enter an appropriate discovery control plan tailored to the specific facts and circumstances of this lawsuit.

### II.
### PARTIES

2.00   Plaintiff **NASICHE ROSE** (TXDL No. xxxxxx787, SSN xxx-xx-x361) is an individual residing in Travis County, Texas.

1

2.01   Defendant JASON STEPHENSON is an individual residing in the state of Utah and may be served with process at his residence located at 675 Escalante Drive, St. George UT 84790 or wherever he may be found.

2.02   Defendant, BRINKS INCORPORATED is a foreign corporation with its principal place of business located in Coppell, Texas. Service of process may be had upon Defendant, BRINKS INCORPORATED by service upon its registered agent, C. T. Corporation at its registered office 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## III.
## JURISDICTION & VENUE

3.00   This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court.

3.01   Venue is proper in Travis County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Bell County, Texas.

3.02   This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because this lawsuit arises from sufficient contacts by the Defendants with the State of Texas in that Defendants were purposely availing themselves to Texas jurisdiction by conducting business in the State of Texas. Accordingly, the Court's exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. Complete diversity of citizenship of the parties does not exist and this lawsuit does not present a federal question.

## IV.
## FACTS

**4.00** On or about March 9, 2016, Plaintiff was driving her Hyundai Elantra on IH 35 in Travis County Texas when her vehicle was suddenly rear-ended by a 2014 Kenworth semi-tractor with trailer in IH 35. At the time of the crash, the 2014 Kenworth semi-tractor with trailer was being driven by Defendant JASON STEPHENSON.

## V.
## NEGLIGENCE OF JASON STEPHENSON

*A. NEGLIGENCE*

**5.00.** The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of Defendant, JASON STEPHENSON, who operated the semi-tractor pulling a trailer in a negligent manner by violating the duties that he owed the Plaintiff and the general public to exercise ordinary care in the operation of his commercial motor vehicle in one or more of the following respects:

    a.    failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.    failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c.    operating his vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

    d.    failing to turn the vehicle in an effort to avoid the collision in question;

    e.    failing to pay attention to the road and traffic conditions;

    f.    failing to control his speed;

g. failing to maintain a safe and assured distance between his commercial vehicle and the vehicle in front of him driven by Plaintiff; and

h. engaging in distracted driving.

5.01 Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence *per se* and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

### B. NEGLIGENCE PER SE

5.02 Further, Defendant JASON STEPHENSON failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.351 that provides:

**§545.351 Maximum Speed Requirement**

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

5.03 Each of the acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence *per se*, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein. Moreover, Plaintiff is a member of the class or persons V.T.C.A. TRANSPORTATION CODE, §545.351 was enacted to protect as they were lawfully traveling on Interstate 35, a public roadway.

### C. GROSS NEGLIGENCE

5.04 Defendant, JASON STEPHENSON'S negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by JASON STEPHENSON outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. JASON STEPHENSON'S conduct involved

an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. JASON STEPHENSON had actual, subjective awareness of the risk involved but, nevertheless, preceded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

5.05   The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## VICARIOUS LIABILITY OF DEFENDANT BRINKS INCORPORATED

6.00   At all times relevant and material to this lawsuit, Defendant JASON STEPHENSON was working in the course and scope of his employment with Defendant BRINKS INCORPORATED Accordingly, Defendant BRINKS INCORPORATED is vicariously liable for the acts and/or omissions of Defendant JASON STEPHENSON through the application of the doctrine of *respondeat superior.*

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT BRINKS INCORPORATED

7.00   In addition to Defendant BRINKS INCORPORATED being liable under the doctrine of *respondeat superior* for the conduct of JASON STEPHENSON because he was operating the subject commercial vehicle in the course and scope of his employment with them, Defendant BRINKS INCORPORATED was also negligent in one or more of the following respects:

    a. negligent hiring and retention of JASON STEPHENSON;

    b. negligent entrustment;

    c. negligent training and safety implementation; and

d. negligent in maintaining the commercial vehicle in proper and complete safe working order.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which he now sues.

7.01 Furthermore, **JASON STEPHENSON** is liable for causing the collision made the basis of this lawsuit and **JASON STEPHENSON'S** negligence was a proximate cause of Plaintiff injuries.

7.02 The negligent conduct of **BRINKS INCORPORATED** was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant **BRINKS INCORPORATED** outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant **BRINKS INCORPORATED'S** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant **BRINKS INCORPORATED** had actual, subjective awareness of the risks involved but, nevertheless, preceded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

7.03 The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VIII.
## DAMAGES

8.00 As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of their injuries, the Plaintiff has suffered and may

continue to suffer into the future, physical pain and mental anguish.

**8.01** As a further result of all of the above, Plaintiff has incurred expenses for their medical care and attention in the past and may incur medical expenses in the future to treat their injuries.

**8.02** By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

**8.03** Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff' peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seek monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff are justly entitled at the time of filing this suit, which, with the passage of time, may change.

## IX.
## INTEREST

**9.00** Plaintiff further request both pre-judgment and post-judgment interest on all his damages as allowed by law.

## X.
## DEMAND FOR JURY TRIAL

**10.00** Plaintiff demand a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## XI.
## DESIGNATED E-SERVICE EMAIL ADDRESS

**11.00** The following is the undersigned attorney's designated E-Service email address for all e-

served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: daryl@texasinjurylawhelp.com This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XII.
## REQUEST FOR DISCLOSURE TO ALL DEFENDANTS

**12.00** Plaintiff requests that each Defendant disclose the information contained in Tex. R. Civ. P. 194.2(a) through (l) within 50 days of the date this matter is served upon Defendants.

## XIII.
## NOTICE OF SELF-AUTHENTICATION

**13.00** Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, the Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XIV.
## PRAYER

**14.00 WHEREFORE, PREMISES CONSIDERED,** Plaintiff request that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;

7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of earnings in the past;
12. Loss of earning capacity in the future;
13. Pre-judgment interest;
14. Post-judgment interest;
15. Court costs; and
16. Exemplary damages.

**RESPECTFULLY SUBMITTED,**

**CHRISTENSEN LAW FIRM, PLLC**
6615 Vaught Ranch Rd, Ste. 102
Austin, Texas 78730
(512) 220-1800
(512) 220-1801 FAX

By: */s/ Daryl R. Hayes*
**DANIEL J. CHRISTENSEN**
SBN: 24010695
**DARYL R. HAYES**
SBN: 00790844
daryl@texasinjurylawhelp.com
*Attorneys for Plaintiff*